PUERTO RICO WATER RESOURCES AUTHORITY, Appellant, *v.*
REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1266. Submitted November 6, 1950.—Decided November 17, 1950.

*Gabriel Guerra Mondragón, Antonio M. Bird, José Vila Ruiz,* and *C. Domínguez Rubio* for appellant. The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The Puerto Rico Water Resources Authority presented for registration in the Registry of Property of Ponce a certified copy of a deed of right of way of electric transmission wires executed in its favor on November 14, 1949 by Tomás Santiago and his wife. To said deed there was attached a certified copy of the certificate of purchase of real property is-

sued on August 30, 1949 by the Treasurer of Puerto Rico, stating that in 1938 a distraint proceeding had been instituted against Juan Santiago, "whose personal circumstances and residence are unknown", and that as a result thereof a farm with an area of 21 cuerdas of land located in the Jagua Ward in the Municipality of Peñuelas was adjudicated to Luis Maldonado Santiago; likewise a certified copy of the deed of sale executed by Luis Maldonado Santiago and his wife in favor of Tomás Santiago. The Registrar of Property of Ponce refused to make any entry in the registry of property, as shown by the following document filed in the record:

"Attorney Celestino Domínguez Rubio, as counsel for the Puerto Rico Water Resources Authority, has presented the enclosed document on December 9, 1949, at 1:50 in the afternoon, on page 166 of Volume 280 of the 'Diario' to be recorded or entered in this registry. It is a copy of the duplicate of the certificate of purchase issued in the attachment proceeding No. 906–1365 instituted by the Collector of Internal Revenue of Peñuelas against the delinquent taxpayer Juan Santiago Santiago, which copy was issued and certified on August 30, 1949 by S. L. Descartes, Treasurer of Puerto Rico, at the request of Gabriel Guerra Mondragón, General Counsel for the Puerto Rico Water Resources Authority.

"Attorney Domínguez attaches to this copy the original certificate in the case referred to.

"The undersigned registrar classified the original certificate in said case upon examining the death certificate of Juan Santiago Santiago, and on June 10, 1940, refused to record on the grounds stated in the footnote of the said original, which note copied therefrom reads thus:

" 'In view of the certified copy of the death certificate of Juan Santiago Santiago registration of this certificate of purchase was DENIED and the sale in favor of Luis Maldonado Santiago was entered for 120 days at page 154 back, Volume 27 of Peñuelas, property No. 1384, under letter A with the CURABLE DEFECT of not expressing in the document the equivalent area in the metric system, for the following reasons: (1) that although Juan Santiago Santiago died more than eleven years prior to the filing of the distraint proceeding against him, his heirs have not been parties to the proceeding nor have they recorded the farm in

their name and (2) that this sale was not duly notified for the purposes of §§ 347 and 348 of the Political Code. The farm has no liens. Ponce, P. R., June 10, 1940. The Registrar. (Signed) Miguel Planellas.

" 'This refusal is served on this day, as the applying party of the document. Ponce, June 19, 1940. (Signed) F. Zapater Jr.'

"For said reason I return to the applying party the aforesaid copy and the aforesaid original without making any entry in the registry of property under my charge. Ponce, P. R., January 5, 1950. The Registrar. (Signed) Miguel Planellas."

Appellant has filed an administrative appeal against the Registrar's note.

 Respondent Registrar did not act correctly in refusing to make an entry in the registry under his charge on the mere ground that he had previously denied registration of the original certificate of purchase presented to him. The appellant herein was, doubtless, an interested party in the recording of the real right of servitude in its name and the fact that the recording of the certificate of purchase requested by the purchaser of the property acquired at a public sale had been refused did not preclude her from applying to the Registrar for the recordation of said real right. *Colón* v. *Registrar*, 67 P.R.R. 16; *Bermúdez* v. *Registrar*, 41 P.R.R. 399; *Riera* v. *Registrar of San Juan*, 23 P.R.R. 501. On the other hand, the fact that Maldonado Santiago, purchaser of the property at public auction, did not appeal from the note of refusal cannot prejudice in any way the rights of a party in interest who did not participate in any way in the registration when it was sought to record the original certificate of purchase of real property. *Jiménez* v. *Registrar*, 62 P.R.R. 335. And as the action of the Registrar in refusing to make any entry in the registry amounts practically to the refusal of the registration, an appeal lies against such action. *Heirs of Franceschi* v. *Registrar*, 39 P.R.R. 665, 671.

 Briefly the appellant maintains that respondent Registrar could not pass on the death certificate of Juan San-

tiago Santiago, the person in whose name the farm object of the distress proceeding was recorded in the registry of property. We do not agree. Although according to § 18 of the Mortgage Law "Registrars shall, under their responsibility, determine the legality of the instruments under which record is requested, and the capacity of the parties thereto, upon the facts that appear from said instruments themselves" and although pursuant to § 77 of the Regulations for the execution of the latter "In accordance with the provisions of article 18 of the law, the registrar shall consider as errors affecting the legality of the documents or instruments the record of which is sought, all those which affect the form of the instruments or the force of the obligations or rights contained in the same, provided they appear in the text of such documents or instruments or can be observed upon a mere inspection thereof", nevertheless, the death certificate of Juan Santiago Santiago, showing that the latter had died years before the distress proceeding was instituted, was a document which could and should have been considered by the registrar when recording or refusing to record the certificate of purchase of real property in question since said death certificate was presented to him together with said certificate and he had it before him when he classified the document presented to him.

According to the well-known author Morrell y Terry in his *Comentarios a la Legislación Hipotecaria*, volume two, p. 241 "The registrar should classify not only from what may appear from the document to be recorded but also from what may appear in the registry either in entries or in other documents presented and recorded therein." This same author also tells us on pages 252 and 253 of the said volume of the book cited that "A power of attorney, . . . the declaration of intestate heirs . . . *birth or death certificates* . . . are necessary documents in certain cases for the registration and they should be duly classified according to its contents." (Italics ours.)

When the death certificate of Santiago Santiago was presented to the Registrar with the original certificate, as we have already said, it could and should be considered by him when making the classification. And if subsequently the Puerto Rico Water Resources Authority presented a certified copy of a deed of right of way on the same farm, accompanied by the aforesaid documents, the Registrar could and should consider the entries in the registry when making the new classification among which there appeared that the person in whose favor the farm object of the distress proceeding had died years before the same had been instituted. *Adorno* v. *Registrar*, 63 P.R.R. 216; *La Plata Tobacco Co.* v. *Registrar of Property*, 20 P.R.R. 27.

Since Juan Santiago Santiago died prior to the filing of the distress proceeding, said proceeding could not be lawfully instituted against him nor could Agripina Santiago be served as his relative. It should have been instituted against his heirs. *Nieves* v. *Registrar*, 67 P.R.R. 1; *Cortés* v. *Registrar*, 58 P.R.R. 13. *Cf. Soto* v. *Registrar*, 58 P.R.R. 16. Thus, the Registrar acted properly in originally refusing the registration of the certificate of purchase of real property and hence, of the deed of right of way, since under § 20 of the Mortgage Law [1] appellant could not record its right unless the titles of the former owners were previously recorded and they were not. See also *Zayas Pizarro* v. *Registrar*, 46 P.R.R. 589.

The note appealed from will be affirmed.

---

[1] Article 20 of the Mortgage Law partly provides as follows:

"In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record.

"Registrars shall refuse to admit to record such deeds until this requisite shall have been complied with, and they shall be directly responsible for any damage they may cause a third person by the violation of this provision.